UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YALU WANG, | Case No. 2:25-cv-01037-CSK |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION TO DISMISS AND SUA SPONTE DISMISSAL FOR FAILURE TO PROSECUTE |
| v. | |
| TOYOTA MOTOR CREDIT CORPORATION, et al., | (ECF No. 29) |
| Defendants. | |

Plaintiff Yalu Wang, proceeding without the aid of counsel, filed this action on April 7, 2025.[1] Compl. (ECF No. 1). Plaintiff amended her complaint on July 22, 2025 by filing her First Amended Complaint ("FAC"), which is permitted once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). *See* FAC (ECF No. 28); *see also* 7/1/2025 Order (ECF No. 25). On August 6, 2025, Defendant Toyota Motor Credit Corporation filed the pending motion to dismiss and re-noticed it for a hearing for September 16, 2025. (ECF Nos. 29, 31). On August 18, 2025, Plaintiff filed a motion for a 21-day extension of time to file an opposition to Defendant's motion to dismiss. (ECF No. 32.) On August 21, 2025, the Court granted Plaintiff's motion, ordering Plaintiff's opposition due on September 10, 2025, Defendant's reply, if any, due 10 days

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF Nos. 4, 18, 20.)

1

thereafter, and continued the hearing on Defendant's motion to October 21, 2025. 8/21/25 Order (ECF No. 33). Plaintiff did not file an opposition or statement of non-opposition to the motion. *See* Docket. On September 19, 2025, the Court submitted the motion without appearance and without argument pursuant to Local Rule 230(g). 9/19/25 Order (ECF No. 34). For the following reasons, the Court dismisses this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and DENIES Defendant's motion to dismiss (ECF No. 29) as moot.

I.   **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the availability of less drastic alternatives; and
> (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II. DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward by failing to file an opposition or statement of non-opposition to the motion to dismiss. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court granted Plaintiff's motion for extension of time to file an opposition and notified the parties of the new briefing schedule on the motion to dismiss, including the new deadline for Plaintiff's opposition or statement of non-opposition. 8/21/25 Order. However, Plaintiff failed to respond to Defendant's motion and has not requested additional time to do so. *See* Docket.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders). As a result, Defendant's motion to dismiss is moot and denied without prejudice.

**ORDER**

Accordingly, IT IS HEREBY ORDER that:

1. Plaintiff's action is DISMISSED;

///

2. Defendant's motion to dismiss (ECF No. 29) is DENIED without prejudice as moot; and

3. The Clerk of Court is directed to CLOSE this case.

Dated: November 13, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, wang1037.25